# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LORI ANN DIXON,** | )<br>) |
| Plaintiff, | ) |
| v. | ) Case No: 12-CV-542-CVE-PJC |
| | ) |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of the Social**<br>**Security Administration,** | )<br>)<br>) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On November 13, 2013, this Court remanded this case for further administrative proceedings under sentence four of 42 U.S.C.§ 405(g) (Dkt. ##21 and 22). Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA")(Dkt. #23) is before the undersigned United States Magistrate Judge for decision.  The undersigned recommends the Motion be GRANTED as provided herein.  Plaintiff has also filed a Supplemental Motion for Attorney Fees (Dkt. #30); the undersigned recommends this Supplemental Motion be DENIED.

Plaintiff seeks an award of attorney fees in the total amount of $6,767.40 under EAJA, 28 U.S.C. § 2412, for legal fees incurred in federal court.  The Commissioner agrees that fees are awardable under the EAJA, but argues that the amount of Plaintiff's request is excessive, and asks that the Court award no more than $5,767.40.  (Dkt. #24).  In particular, the Commissioner takes issue with the amount of time spent on Plaintiff's Reply Brief and objects that 8.6 hours is an excessive amount of time to spend on a four-page Reply Brief.

The Court has discretion in awarding attorney fees and determining the appropriate amount of fees in each case.  *Sanders v. Astrue*, 287 Fec. Appx. 721, 723 (10th Cir. 2008). Only "reasonable attorney fees" may be awarded under the EAJA. 28 U.S.C. § 2412(d)(2)(A).  The

Court is required to examine the request to determine whether the fees requested are reasonable, and the plaintiff bears the burden of proving that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The undersigned has reviewed the time records submitted by counsel and finds they reflect a reasonable number of hours devoted to this case. Therefore, the undersigned recommends Plaintiff's Motion for EAJA Fees (Dkt. #23) be GRANTED.

Plaintiff also filed a Supplemental Motion for Attorney Fees pursuant to EAJA, seeking recompense for the additional hours expended in litigating over the EAJA fees, requesting a fee in the amount of $967.20 for 5.2 hours of work. (Dkt. #30). The Tenth Circuit has recognized that hours spent disputing an attorney fee award "'are especially suspect, and may be disallowed in their entirety.'" *Alexander v. Astrue*, 222 Fed. Appx. 767 (10th Cir. 2007) (*quoting Mares v. Credit Bureau*, 801 F.2d 1197, 1206 (10th Cir. 1986)). The undersigned declines to recommend an award to Plaintiff for fees for litigating the attorney fee award in this case. It is therefore recommended that Plaintiff's Supplemental Motion EAJA Fees (Dkt. # 30) be DENIED.

THEREFORE, the undersigned recommends that Dixon be awarded EAJA attorney fees in the amount of $6,767.40, in care of her counsel. If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

## Objections

The District Judge assigned to this case will conduct a *de novo* review of the record and determine whether to adopt or revise this Report and Recommendation or whether to recommit the matter to the undersigned. As part of his review of the record, the District Judge will consider the parties' written objections to this Report and Recommendation. A party wishing to

file objections to this Report and Recommendation must do so by March 7, 2014.  28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b).  The failure to file written objections to this Report and Recommendation may bar the party failing to object from appealing any of the factual or legal findings in this Report and Recommendation that are accepted or adopted by the District Court. *See Moore v. U.S.*, 950 F.2d 656 (10th Cir. 1991); *Wirsching v. Colo.*, 350 F.3d 1191, 1197 (10th Cir. 2004) and *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

DATED, this 21st day of February, 2014.

_____
Paul J. Cleary
United States Magistrate Judge