UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **LORI ANN DIXON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0542-CVE-PJC |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On February 21, 2014, Magistrate Judge Paul J. Cleary entered a report and recommendation (Dkt. # 32) regarding Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 23) and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access Justice Act (Dkt. # 30). The Magistrate Judge recommended that Plaintiff's Motion For Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 23) be granted and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access Justice Act (Dkt. # 30) be denied. Plaintiff has filed an objection to the report and recommendation, and she asks the Court to award her a supplemental attorney fee. Dkt. # 33. Defendant has not filed an objection to the report and recommendation and the fourteen-day time limit of Fed. R. Civ. P. 72(b) has run.

**I.**

On November 13, 2013, this Court remanded this case for further administrative proceedings. Dkt. #21; Dkt. # 22. Plaintiff requested an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. # 23. Defendant objected to this request (Dkt. # 24), and the motion was referred to Magistrate Judge Cleary (Dkt. # 25). Plaintiff then filed a reply (Dkt.

# 29). Additionally, plaintiff requested an award of attorney fees for the additional hours spent by plaintiff litigating that EAJA fee. Dkt. # 30. That motion was also referred to Magistrate Judge Cleary. Dkt. # 31.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

## III.

**A. Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act**

Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 23) requests $6,767.40 in attorney fees pursuant to the EAJA, 28 U.S.C. § 2412. Under § 2412(d), "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . ." Defendant objected to plaintiff's request for attorney fees. Dkt. # 24. Plaintiff's motion was referred to Magistrate Judge Cleary (Dkt. # 27), who recommended that the motion be granted (Dkt. # 32). Defendant has not objected to the magistrate judge's report and recommendation and the time to do so has passed. See Fed. R. Civ. P. 72(b).

The Court has independently reviewed plaintiff's motion and finds that plaintiff should be awarded attorney fees in the amount requested by plaintiff. If plaintiff's counsel is ultimately awarded attorney fees under 42 U.S.C. § 406(b), counsel must refund to plaintiff the smaller of the EAJA award or the § 406(b) award pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

**B. Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access Justice Act**

Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access Justice Act (Dkt. # 30) was also referred to Magistrate Judge Cleary. Dkt. # 31. The magistrate judge's report and recommendation recommended that plaintiff's motion be denied. Dkt. # 32. Plaintiff argues that the magistrate judge erred in recommending denial of her supplemental motion for attorney fees. Plaintiff argues that Alexander v. Astrue, 222 Fed. App'x 767 (10th Cir. 2007), a case cited by the magistrate judge in recommending the denial of her motion, actually supports her motion and that Comm'r, Immigration & Naturalization Serv. v. Jean, 496 U.S. 154 (1990), weighs in favor of granting her motion. Jean stands only for the proposition that a prevailing party need not prove that the government's position in fee ligation is not substantially justified in order to receive an award of attorney fees for services rendered during fee litigation. Jean, 496 U.S. at 156, 166. And while Alexander does state that "[w]ork expended in the preparation and defense of a fee application is compensable under EAJA," it then recognizes "a difference between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award." 222 Fed. App'x at 768-69[1]

---

[1] This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

(quoting Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1206 (10th Cir. 1986)) (internal quotation marks omitted). "The latter are especially suspect, and may be disallowed in their entirety." Id. (quoting Mares, 801 F.2d at 1206) (internal quotation marks omitted). Plaintiff is correct that by filing a reply she was defending her fee application, but that reply is not "necessary to prepare and submit an application for fees." Rather, the reply is part of a dispute between plaintiff and defendant regarding plaintiff's fee award. Hours spent disputing a fee award may be disallowed in their entirety. The Court has independently reviewed plaintiff's supplemental motion and finds that plaintiff should not be awarded the requested attorney fees.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 32) is **accepted**, Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act (Dkt. # 23) is **granted**, and Plaintiff's Supplemental Motion for Attorney Fees Pursuant to the Equal Access Justice Act (Dkt. # 30) is **denied**. Plaintiff shall be awarded attorney fees in the amount of $6,767.40. A separate judgment is entered herewith as to the award of attorney fees.

**IT IS FURTHER ORDERED** that the objection (Dkt. # 33) is hereby **denied**.

**DATED** this 10th day of March, 2014.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE